NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESMAT ZAKLAMA and SYLVIA ZAKLAMA, : : Plaintiffs, : : v. : : INTERNAL REVENUE SERVICE, et al., : : Defendants. | **Hon. Dennis M. Cavanaugh** **OPINION** Civil Action No. 05-CV-374 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon a motion by Defendant Wachovia Bank ("WB"), which Defendant Bank of America[1] ("BOA") joined, to dismiss pro se Plaintiffs Esmat and Sylvia Zaklama's ("Plaintiffs") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a sufficient claim. The Internal Revenue Service ("IRS") and its two employees, Maria Rodriguez and Steven Ianacone, filed an individual motion to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(5) of the Civil Rules of Procedure for insufficiency of service of process. No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants WB and BOA's motion to dismiss is **granted**. Defendants IRS, Ianacone and Rodriguez's motion to dismiss is **granted** in part and

---

[1] Defendant Bank of America is successor by merger to Fleet National Bank and is successor by merger to Summit Bank, which is successor by merger to Collective Bank. Plaintiffs incorrectly named Fleet National Bank as Fleet Bank in the Complaint.

**denied** in part.

## I. BACKGROUND

This matter arose over a dispute regarding Plaintiffs' taxes and Plaintiffs' belief Defendants violated their constitutional rights, in part, by allegedly coercing them to execute a stipulation of facts in their pending United States Tax Court case. (Plaintiffs' Complaint ("Compl.") ¶¶ 9, 16). Plaintiffs filed their Complaint against Defendants IRS, Steven Ianocone, Maria Rodriguez, Steven J. Jozwik, George Papas, BOA, and WB on January 25, 2005. On May 20, 2005, this Court ordered Plaintiffs to effect service of their Summons and Complaint on Defendants by June 15, 2005, or their case would be dismissed. (May 2005 Order). Plaintiffs then attempted to serve Steven Ianacone, Maria Rodriguez, George Papas, WB and BOA. WB filed its motion to dismiss on July 8, 2005, and BOA joined in that motion on September 9, 2005. The IRS, Maria Rodriguez, and Steven Ianacone, filed their motion to dismiss on November 15, 2005. Plaintiffs have not filed a response to either motion to dismiss.

## II. DISCUSSION

### A. Bank of America and Wachovia Bank

#### 1. Standard

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations in the Complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Worth v. Selden, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1988); Robb v. Philadelphia, 733 F.2d 286, 290 (3d Cir. 1984). In evaluating a Rule 12(b)(6) motion to dismiss, a court may consider only the Complaint, exhibits attached to the Complaint, matters of public record, and undisputedly

authentic documents if the plaintiff's claims are based upon those documents. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

Additionally, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Due to an understandable difference in legal sophistication, a complaint drafted by a *pro se* litigant must be held to a less exacting standard than a complaint drafted by trained counsel. Haines v. Kerner, 404 U.S. 519 (1972). Nonetheless, a court should dismiss the case pursuant to Rule 8(a), "if a *pro se* complaint is so confusing or unintelligible that no party could possibly understand or reply to it." Cole v. Commonwealth Federal, 1994 WL 618464, *1 (E.D.Pa.); citing King v. Fayette County, 92 F.R.D. 457, 458 (W.D.Pa.1981); Brown v. Califano, 75 F.R.D. 497 (1977).

### 2. Plaintiffs Failure to Meet Standard

Plaintiffs failed to state any facts which meet the requisite elements of any of the causes of action alleged in their Complaint against either Defendants WB or BOA. In their statement of facts in the Complaint, Plaintiffs claim Defendant Maria Rodriguez fraudulently obtained bank reports of Plaintiffs' accounts from BOA and WB. (Compl. ¶8). Plaintiffs do not mention WB again in their Complaint. Plaintiffs do not allege any direct claims or causes of action against WB anywhere in the Complaint. BOA is only mentioned once more in the Complaint, when Plaintiffs describe where one of their corporations has its account. (Id. at ¶ 15(c)). Plaintiffs also do not allege any direct claims or causes of action against BOA anywhere in the Complaint. For these reasons, Plaintiffs' claims against both WB and BOA are dismissed.

### B. Defendants IRS, Maria Rodriguez, and Steven Ianacone

**1. Standard**

A defendant may file a motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure when a plaintiff fails to properly serve him or her with the summons and complaint.  Due to the fact the IRS is an agency of the United States, both the IRS and its employees must be served according to the requirements set forth in Rule 4(i) of the Federal Rules of Civil Procedure.  Pursuant to Rule 4(i), service must be made by delivering a copy of the summons and complaint to the United States Attorney's Office and sending a copy of the summons and complaint by registered or certified mail to the Attorney General.  Also, to properly serve the IRS, a copy of the summons and complaint must be sent by registered or certified mail to the IRS.  Fed R.Civ. P. 4(i)(2)(A).  In order to properly serve an IRS employee being sued in their individual capacity, a copy of the summons and complaint must be personally served on the employee.  Fed. R. Civ. P. 4(B).

**2. Plaintiffs' Failure to Perform Proper Service**

Plaintiffs' filed their Complaint on January 20, 2005, but did not serve Defendants.  On May 20, 2005, this Court issued an Order requiring that Plaintiffs to serve Defendants by June 15, 2005, or their case would be dismissed.  The Clerk of the Court issued summons on June 13, 2005, almost one month after the expiration of the time Plaintiffs had to timely serve Defendants.  Plaintiffs did not serve the Attorney General or the United States Attorney's Office.  Also, no Return of Service has been filed with this Court proving either of these parties has been served.  Finally, Plaintiffs have not filed a Return of Service with this Court indicating they properly served the IRS.  Plaintiffs were already given a second chance to properly serve Defendants in

this matter, however Plaintiffs have failed to comply with the rules set forth by Rule 4(i) of the Federal Rules of Civil Procedure. For these reasons, Plaintiffs' claims against the IRS are dismissed.

Plaintiff also failed to properly serve Defendant Rodriguez. On Defendant Rodriguez's summons, the box indicating she was personally served is not checked. Instead it states she was served via fax simile, regular mail and certified mail. Rule 4(i) requires her to be personally served. Plaintiffs again failed to meet the requirements set forth by the rule. Therefore Plaintiffs' claims against Defendant Rodriguez are dismissed.

While Defendant Ianacone's summons indicates that he was served personally, he claims he was not served personally, but that his receptionist was served. As Defendants point out in their brief, the purpose of Rule 4(i) is to provide parties with sufficient notice of the case so that they may defend it as they see fit. Defendant Ianacone knew he was named as a party to this lawsuit and he has offered no reasons why he is prejudiced by Plaintiffs' method of service. Therefore, Plaintiffs' claims against Defendant Ianacone are not dismissed.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that Defendants WB and BOA's motion to dismiss is granted. Defendants IRS, Rodriguez and Ianancone's motion to dismiss is granted in part and denied in part. An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date: December 15, 2005
Original: Clerk's Office
Cc: All Counsel of Record
 The Honorable Mark Falk, U.S.M.J.
 File